UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

THE BOLDT COMPANY,

      Plaintiff,

      v.                           Case No. 12-C-0039

THE MORSE GROUP, INC.,

      Defendant.

---

DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DOC. 12)
AND GRANTING DEFENDANT'S MOTION TO STAY (DOC. 6)

The Boldt Company ("Boldt") and the Morse Group, Inc., ("Morse") are parties in an ongoing personal injury action brought by Tyler Dahlstrand in Stephenson County, Illinois. During the pendency of the Illinois suit, Boldt filed a complaint in Outagamie County, Wisconsin, seeking a declaratory judgment that (1) Boldt was not obligated contractually to procure insurance listing Morse as an additional insured at the time of Dahlstrand's accident, and (2) that Morse was not an additional insured under a general liability policy issued by Travelers Indemnity Company. (Doc. 1-1 Ex. A, Complaint at ¶ 5.) Morse removed the action to this court and is asking for a stay of these proceedings while the Illinois case is litigated fully, pursuant to the Colorado River abstention doctrine. (Doc. 6.) *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). It reasons that a stay will promote judicial economy, avoid piecemeal litigation, serve fairness and convenience to the litigants, give deference to the court where litigation involving these parties was first pending, and allow an Illinois court to rule on issues of Illinois state law. On the other hand, Boldt seeks remand of this removed case to the Wisconsin state court

citing Morse's motion as evidence that it does not want this court to exercise jurisdiction in the matter. As discussed below, the court will deny Boldt's motion to remand and grant Morse's motion to stay.

Following the removal of this case from the Wisconsin state court, Boldt asked that it be remanded to that court. Generally, remand motions relate to procedural defects, such as untimely removal, *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353 (7th Cir. 2000); omission of necessary documents, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011); or failure to obtain consent to removal from all defendants, *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011). However, in the instant case, Boldt does not question whether the parties are diverse, whether the amount in controversy is at least $75,000 as required by 28 U.S. C. § 1332, whether the notice of removal was timely or whether there were any defects in Morse's initial filings. Instead, Boldt submits that Morse has taken inconsistent positions regarding where this case should proceed by asking this court to abstain from exercising jurisdiction and to defer to the Stephenson County Illinois Circuit Court, citing *Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp.2d 876, 881 (N.D. Ind. 2001) wherein the district court observed that 28 U.S. C. Sec 1447(c) "authorize[s] a broad spectrum of challenges to removal." Boldt contends that Morse has essentially withdrawn its request that this court decide their dispute. But as famed commentator Paul Harvey may have said, now for the rest of the story. Therefore, the court now turns to Morse's motion to stay.

In addressing whether to stay a case pursuant to the *Colorado River* doctrine, as requested by Morse, the district court must consider: 1) whether the actions are parallel;

2

and 2) whether there are exceptional circumstances justifying an abstention. *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). Suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* at 752. And, "it is not necessary that there be formal symmetry between two actions." *Id.* In making its decision, a district court should examine whether the suits arise out of the same facts and raise similar factual and legal issues. *Id.*

The documents filed with regard to the pending motions show that the *Dahlstrand* matter and the present federal case involve the same parties: Dahlstrand sued Boldt and Morse in Illinois alleging negligence, and Boldt and Morse are also parties to this action. Similar issues and underlying facts are present in both cases. Morse believes that Boldt was contractually required to procure insurance listing it as an additional insured with respect to Dahlstrand's personal injury claim and Boldt asserts that it was not required to do so. Boldt's insurer, Travelers Indemnity Company ("Travelers"), maintains that Morse was not an additional insured. Further, in the *Dahlstrand* matter, Morse asserts a counterclaim against Boldt alleging that if found negligent it is entitled to contribution from Boldt because it should have been an "additional insured" under Boldt's insurance policy with Travelers. Moreover, in the present federal action, Boldt seeks a declaratory judgment as to whether it was contractually obligated to procure insurance listing Morse as an additional insured respecting the Dahlstrand claim and whether Morse was an additional insured under Boldt's insurance policy with Travelers. Taking these relevant factors, it is readily apparent that the concurrent Illinois state court action and this federal action are parallel.

3

After "it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances." *Tyrer*, 456 F.3d at 751. These factors include: (1) whether the state has assumed jurisdiction over the property, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order the concurrent jurisdictions obtained jurisdiction (5) the source of the governing law, state or federal, (6) the adequacy of state-court action to protect the federal plaintiff's rights, (7) the relative progress of the state and federal proceedings, (8) the presence or absence of concurrent jurisdiction, (9) the availability of removal, and (10) the vexatious or contrived nature of the federal claim. *Id.* at 754. However, "[t]he weight to be given to any one factor is determined solely by the circumstance of the particular case-there is no mechanical formula by which to determine when a stay is appropriate." *Id.*

With due regard for these factors and the unusual arguments advanced by the parties, this court's decision rests on the desirability of avoiding piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *La Duke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). The counterclaim filed by Morse against Boldt in the *Dahlstrand* matter asserts that Boldt breached its contract by failing to procure insurance identifying Morse as an additional insured respecting the personal injury claim at issue in the *Dahlstrand* case. In this action, Boldt asks for a declaration that it did not fail to procure insurance coverage for Morse. Therefore, if Morse and Boldt are allowed to pursue this issue in both courts, "identical issues will be litigated simultaneously in two

4

different forums, and, under the principles of issue preclusion, an earlier decision in one court may bind the parties in the other court. *See Id.* Furthermore, the pending motions show that neither party wishes to proceed in this court at this time. Indeed, neither party argued that this declaratory judgment action must proceed in any court while the *Dahlstrand* litigation continues in the Stephenson County Circuit Court. That is truly exceptional. Therefore, a stay of this litigation will provide the parties the opportunity to focus their resources, preserve judicial resources and avoid unwarranted conflict. Consequently,

IT IS ORDERED that Boldt's motion to remand (Doc. 12) is denied.

IT IS FURTHER ORDERED that Morse's motion to stay (Doc. 6) is granted.

IT IS FURTHER ORDERED that this case is administratively closed.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

5